ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 3 2019

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | | § | |
| | | § | |
| v. | | § | No. |
| | | § | |
| BRANDI DANGER | (1) | § | |
| CHRISTOPHER BOWLING | (2) | § | |
| NOLBERTO VASQUEZ | (4) | § | |
| STEVEN BROWN | (5) | § | **3-19CR-619-K** |
| RAKESH "RICK" PATEL | (6) | § | |
| JOEL KURIATNYK | (8) | § | |
| CARL JOHNSON | (9) | § | |

### INDICTMENT

The Grand Jury Charges:

### Count One
Conspiracy to Commit Bank Fraud and Wire Fraud
[Violation of 18 U.S.C. § 1349 (18 U.S.C. §§ 1344, 1343)]

At all times relevant to this Indictment:

### The Conspiracy and its Objects

1.      Beginning at least on or about January 2016 – the exact date being

unknown – and continuing thereafter until on or about September 20, 2019, in the Dallas

Division of the Northern District of Texas and elsewhere, defendants, **Brandi DANGER,**

**Christopher BOWLING, Nolberto VASQUEZ, Steven BROWN, Rakesh "Rick"**

**PATEL, Joel KURIATNYK,** and **Carl JOHNSON**, did knowingly, intentionally, and

willfully combine, conspire, confederate, and agree with each other and with other

Indictment - Page 1

persons known and unknown to the Grand Jury, to commit bank fraud and wire fraud, that is:

a.      To knowingly and willfully execute, and attempt to execute, a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody or control of, a financial institution, namely, Capital One Bank, National Association ("Capital One Bank"); Synchrony Bank; and Citibank, National Association ("Citibank"), by means of false or fraudulent pretenses, representations and promises, in violation of 18 U.S.C. § 1344(2); and

b.      Having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to transmit and caused to be transmitted in interstate commerce, wire communications, including writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

2.      It was the object of the conspiracy for defendants **DANGER, BOWLING, VASQUEZ, BROWN, PATEL, KURIATNYK**, and **JOHNSON** to unlawfully enrich themselves by: (a) fraudulently using the personal identifying information ("PII") of victims to apply for and obtain credit cards or lines of credit from financial institutions and stores for the purpose of executing a scheme and artifice to obtain money or other property owned by, and in the custody or control of, a financial institution or store by making false representations and promises; (b) intending to deceive financial institutions

and stores by making false representations on credit applications; and (c) diverting the

fraudulently obtained proceeds or property for their personal use and benefit.

Manner and Means of the Conspiracy

3.      It was a part of the conspiracy to defraud that **DANGER, BOWLING,**

**VASQUEZ, BROWN, PATEL, KURIATNYK,** and **JOHNSON** and other co-

conspirators would obtain the PII of victims through a process called "data mining" on

both public websites and the Dark Web.

4.      After obtaining and verifying a victim's PII, **DANGER, BOWLING,**

**VASQUEZ, BROWN, PATEL, KURIATNYK,** and **JOHNSON** and other co-

conspirators would assess a victim's credit worthiness and identify stores at which to

apply for credit cards or lines of credit using the victim's PII.

5.      It was further a part of the conspiracy to defraud that **DANGER,**

**BOWLING, VASQUEZ, BROWN, PATEL, KURIATNYK,** and **JOHNSON** and

other co-conspirators would create a "file," which essentially operated as a cheat sheet

containing a victim's PII (i.e., phone number, date of birth, social security number,

address, and other identifiers).   **DANGER, BOWLING, VASQUEZ, BROWN,**

**PATEL, KURIATNYK,** and **JOHNSON** and other co-conspirators would then use the

"files" to create a "tools" (i.e., fraudulent identification cards).

6.      It was further a part of the conspiracy to defraud for **DANGER,**

**BOWLING, VASQUEZ, BROWN, PATEL, KURIATNYK,** and **JOHNSON** and

other co-conspirators to develop age appropriate profiles for "runners," who would

actually go into stores to apply for credit cards or lines of credit using the fraudulent identifications cards (or "tools").   As part of the fraud scheme, **DANGER, BOWLING, VASQUEZ, BROWN, PATEL, KURIATNYK**, and **JOHNSON** and other co-conspirators would use, or cause to be used, the "files" and "tools" to go into stores to fraudulently apply for credit cards or lines of credit, which would then be used to purchase gift cards and other items.

7.      Once the runners fraudulently purchased items from stores, certain goods (usually electronics), gift cards or cash cards would be given to **PATEL** and **BROWN**, who would then deliver the goods, gift cards, or cash cards to other co-conspirators.

8.      Bass Pro Shops/Cabela's (Capital One Bank), Costco (Citibank), and Sam's Club/Wal-Mart (Synchrony Bank), relied on false representations made on credit applications by **DANGER, BOWLING, VASQUEZ, BROWN, PATEL, KURIATNYK**, and **JOHNSON** and other co-conspirators and issued credit cards or lines of credit, which the defendants then used to purchase items.   To date, Bass Pro Shops/Cabela's (Capital One), Costco (Citibank), and Sam's Club/Wal Mart (Synchrony Bank) have sustained combined actual losses exceeding $1,500,000.00 as a result of this fraud scheme.

The manner and means of the conspiracy further involved the following acts:

9.      On or about February 12, 2016, **PATEL, JOHNSON,** and other co-conspirators went to a Sam's Club store in Dallas, Texas, and fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the false and

fraudulent pretenses, representations and promises made to Synchrony Bank by **PATEL,**

**JOHNSON** and other co-conspirators, Synchrony Bank issued a line of credit in the

amount of $6,300.00 in the name of victim L.B.—an individual known to the grand jury.

10.    From on or about January 25, 2019, through on or about March 29, 2019,

defendants **PATEL, BROWN, BOWLING, DANGER** and **VASQUEZ** and other co-

conspirators went to Bass Pro Shops/Cabela's stores in the Dallas-Fort Worth area and

elsewhere in the State of Texas, and fraudulently applied to Capital One Bank to receive

credit cards from Bass Pro Shops/Cabela's in-store kiosks.   As a result of the false and

fraudulent pretenses, representations and promises made to Capital One Bank by

**PATEL, BROWN, BOWLING, DANGER** and **VASQUEZ** and other co-conspirators,

Capital One Bank issued lines of credit in the following amounts:

- $15,000.00 in the name of victim J.R.—an individual known to the grand jury;

- $20,000.00 in the name of victim C.M.—an individual known to the grand jury;

- $20,000.00 in the name of victim C.H.—an individual known to the grand jury;

- $15,000.00 in the name of victim R.W.—an individual known to the grand jury;

- $20,000.00 in the name of victim M.H.—an individual known to the grand jury;

- $10,000.00 in the name of victim J.M.—an individual known to the grand jury;

- $20,000.00 in the name of victim W.P.—an individual known to the grand jury;

- $8,000 in the name of victim M.B.—an individual known to the grand jury;

- $15,000.00 in the name of victim D.S.—an individual known to the grand jury;

- $20,000.00 in the name of victim M.R.—an individual known to the grand jury;

- $15,000.00 in the name of victim J.C.—an individual known to the grand jury.

11.     On or about July 14, 2019, **PATEL, BROWN, KURIATNYK** and other co-conspirators went to a Costco store in Dallas, Texas, and fraudulently applied to Citibank to receive a Costco credit card.   As a result of the false and fraudulent pretenses, representations and promises made to Citibank by **PATEL, BROWN, KURIATNYK** and other co-conspirators, Citibank issued a Costco credit card in the amount of $12,000.00 in the name of victim G.D.—an individual known to the grand jury.

12.     Between in or about September 2018 and in or about September 2019, the exact date being unknown, defendant **PATEL** provided to defendants **BROWN, JOHNSON, VASQUEZ, DANGER, BOWLING,** and **KURIATNYK** the PII of multiple victims, which was then used to create and obtain fraudulent identification cards.

13.     On or about February 14, 2019, defendants **DANGER** and **VASQUEZ** used a fraudulently obtained credit card (card ending -2615) in victim C.H.'s name at a Travelex Currency store in Dallas, Texas, which is in the Northern District of Texas, to

purchase $4,977.63 in foreign currency.

14.     On or about March 24, 2019, defendant **BOWLING** used a fraudulently obtained credit card (card ending -6983) in victim W.P.'s name at Bachendorf's Jeweler's in Dallas, Texas, where BOWLING purchased a Rolex and a ring in the amount $12,935.88.

15.     On or about April 2, 2019, defendant **BOWLING** attempted to apply for a Synchrony Bank credit card in victim R.W.'s name at Bachendorf's Jeweler's in Dallas, Texas to purchase a $15,000 Rolex watch.

16.     From on or about March 4, 2019, through on or about April 3, 2019, defendant **DANGER** used a fraudulently obtained credit card (card ending -2456) in victim M.H.'s name at multiple stores in the Dallas-Fort Worth area and other cities in the state of Texas, purchasing approximately $10,619.03 worth of merchandise.

17.     From on or about March 8, 2019, through on or about March 15, 2019, defendant **DANGER** used a fraudulently obtained credit card (card ending -2456) in victim M.H.'s name to rent a vehicle at Alamo Rental at Love Field in Dallas, Texas, which is in the Northern District of Texas, in the amount of $741.39.

18.     From on or about April 7, 2019, through on or about April 12, 2019, defendant **VASQUEZ** used a fraudulently obtained credit card (card ending -6661) in victim J.C.'s name to rent a vehicle at Avis at Love Field in Dallas, Texas, which is in the Northern District of Texas, in the amount of $398.34.

19.     From on or about April 10, 2019, defendant **VASQUEZ** used a

fraudulently obtained credit card (card ending -6661) in victim's J.C.'s name to purchase gift cards and other items at a Walmart store in Balch Springs, Texas, which is in the Northern District of Texas, in the amount of $1,099.84.

20.     On or about July 14, 2019, defendants **PATEL, BROWN**, and **KURIATNYK** used a fraudulently obtained Costco credit card (card ending -3408) in victim G.D.'s name to purchase items from a Costco store in Dallas, Texas, in the amount of $4,449.49.

21.     On or about July 17, 2019, defendants **PATEL, BROWN**, and **KURIATNYK** used a fraudulently obtained Costco credit card (card ending -3408) in victim G.D.'s name to purchase items from a Costco store in Duncanville, Texas, in the amount of $3,930.15.

All in violation of Title 18 U.S.C. § 1349.

Count Two
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

22.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

23.     On or about February 12, 2016, in the Dallas Division of the Northern

District of Texas, defendants **PATEL** and **JOHNSON**, did knowingly execute and

attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets and other

property owned by and under the custody and control of a financial institution, namely,

Synchrony Bank, the accounts of which were then insured by the Federal Deposit

Insurance Corporation, by means of materially false and fraudulent pretenses,

representations, and promises, in that **PATEL** and **JOHNSON** went to a Sam's Club

store in Dallas, Texas, which is in the Northern District of Texas, and fraudulently

applied to Synchrony Bank to receive a Sam's Club line of credit.   As a result of the

false and fraudulent pretenses, representations and promises made to Synchrony Bank by

**PATEL** and **JOHNSON**, Synchrony Bank issued a line of credit in the amount of

$6,300.00 in the name of victim L.B. — an individual known to the grand jury.

All in violation of Title 18 U.S.C. § 1344(2).

Count Three
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

24.     The grand jury re-alleges and incorporates by reference the allegations
contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth
at this point.

25.     On or about February 18, 2016, in the Fort Worth Division of the Northern
District of Texas, defendants **PATEL** and **JOHNSON**, did knowingly execute and
attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets,
securities, and other property owned by and under the custody and control of a financial
institution, namely, Synchrony Bank, the accounts of which were then insured by the
Federal Deposit Insurance Corporation, by means of materially false and fraudulent
pretenses, representations, and promises, in that **PATEL** and **JOHNSON** went to a
Sam's Club store in Fort Worth, Texas, which is in the Northern District of Texas, and
fraudulently applied to Synchrony Bank to receive a Sam's Club line of credit.   As a
result of the false and fraudulent pretenses, representations and promises made to
Synchrony Bank by **PATEL** and **JOHNSON**, Synchrony Bank issued a line of credit in
the amount of $3,400.00 in the name of victim J.G. — an individual known to the grand
jury.

All in violation of Title 18 U.S.C. § 1344(2).

Count Four
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

26.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

27.     On or about February 10, 2019, in the Dallas Division of the Northern

District of Texas, defendants **PATEL, BROWN** and **DANGER**, did knowingly execute

and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets,

securities, and other property owned by and under the custody and control of a financial

institution, namely, Capital One Bank, National Association ("Capital One Bank"), the

accounts of which were then insured by the Federal Deposit Insurance Corporation, by

means of materially false and fraudulent pretenses, representations, and promises, in that

**PATEL, BROWN** and **DANGER** went to a Bass Pro Shops/Cabela's store in Garland,

Texas, which is in the Northern District of Texas, and fraudulently applied to Capital One

Bank to receive a Bass Pro Shops/Cabela's credit card.   As a result of the false and

fraudulent pretenses, representations and promises made to Capital One Bank by

**PATEL, BROWN** and **DANGER**, Capital One Bank issued a line of credit in the

amount of $20,000.00 in the name of victim C.M. — an individual known to the grand

jury.

All in violation of Title 18 U.S.C. § 1344(2).

## Count Five
## Bank Fraud
### (Violation of 18 U.S.C. § 1344(2))

28.    The grand jury re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth at this point.

29.    On or about March 24, 2019, in the Dallas Division of the Northern District of Texas, defendant **BOWLING**, did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, namely, Synchrony Bank, the accounts of which were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises, in that **BOWLING** went to a Bachendorf's Jeweler's store in Dallas, Texas, which is in the Northern District of Texas, and fraudulently applied to Synchrony Bank to receive a Synchrony Bank credit card.   As a result of the false and fraudulent pretenses, representations and promises made to Synchrony Bank by **BOWLING**, Synchrony Bank issued a credit in the amount of $15,000.00 in the name of victim W.P.—an individual known to the grand jury.

All in violation of Title 18 U.S.C. § 1344(2).

Count Six
Bank Fraud
(Violation of 18 U.S.C § 1344(2))

30.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

31.     On or about April 1, 2019, defendants **PATEL, BROWN** and **VASQUEZ**,

did knowingly execute and attempt to execute a scheme and artifice to obtain moneys,

funds, credits, assets, securities, and other property owned by and under the custody and

control of a financial institution, namely, Capital One Bank, National Association

("Capital One Bank"), the accounts of which were then insured by the Federal Deposit

Insurance Corporation, by means of materially false and fraudulent pretenses,

representations, and promises, in that **PATEL, BROWN** and **VASQUEZ** went to a Bass

Pro Shops/Cabela's store in Fort Worth, Texas, which is in the Northern District of

Texas, and fraudulently applied to Capital One Bank to receive a Bass Pro

Shops/Cabela's credit card.   As a result of the false and fraudulent pretenses,

representations and promises made to Capital One Bank by **PATEL, BROWN** and

**VASQUEZ**, Capital One Bank issued a line of credit in the amount of $15,000.00 in the

name of victim J.C.—an individual known to the grand jury.

All in violation of Title 18 U.S.C. § 1344(2).

Count Seven
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

32.     The grand jury re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth at this point.

33.     On or about July 14, 2019, defendants **PATEL, BROWN** and **KURIATNYK**, did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, namely, Citibank, National Association ("Citibank"), the accounts of which were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises, in that **PATEL, BROWN** and **KURIATNYK** went to a Costco store in Dallas, Texas, which is in the Northern District of Texas, and fraudulently applied to Citibank to receive a Costco credit card.   As a result of the false and fraudulent pretenses, representations and promises made to Citibank by **PATEL, BROWN** and **KURIATNYK**, Citibank issued a line of credit in the amount of $12,000.00 in the name of victim G.D.—an individual known to the grand jury.

All in violation of Title 18 U.S.C. § 1344(2).

<u>Counts Eight through Seventeen</u>
Wire Fraud
(Violation of 18 U.S.C. § 1343)

34.     The grand jury re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth at this point.

35.     Beginning in or about January 2016—the exact date being unknown—and continuing through on or about September 20, 2019, in the Northern District of Texas and elsewhere, defendants **DANGER, BOWLING, VASQUEZ, BROWN, PATEL, KURIATNYK,** and **JOHNSON** devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, in that the defendants used the PII of victims to fraudulently obtain credit cards or lines of credit from banks and then used the fraudulently obtained credit cards or lines of credit to obtain money and other goods, and in doing so, for the purpose of executing the scheme and artifice, the defendants knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, signals, pictures and sounds, as described below, each such transmission constituting a separate count:

<u>Interstate Wires</u>

| Count | Date | Defendant(s) | Transaction | Amount |
|---|---|---|---|---|
| 8 | On or about February 13, 2016 | **PATEL JOHNSON** | **PATEL** and **JOHNSON** used a fraudulently obtained Sam's Club credit card in victim L.B.'s name to purchase from Sam's Club twelve (12) Vanilla Mastercard gift cards. | $2,477.76 |

| 9 | On or about February 18, 2016 | **PATEL JOHNSON** | **PATEL** and **JOHNSON** used a fraudulently obtained Sam's Club credit card in victim J.G.'s name to purchase from Sam's Club thirteen (13) Vanilla Mastercard gift cards. | $2,684.24 |
|---|---|---|---|---|
| 10 | On or about February 10, 2019, | **PATEL BROWN DANGER** | **PATEL, BROWN** and **DANGER** used a fraudulently obtained Bass Pro Shops/Cabela's credit card in victim C.M.'s name to purchase goods at Home Depot. | $407.82 |
| 11 | On or about March 7, 2019 | **PATEL BROWN DANGER** | **PATEL, BROWN** and **DANGER** used a fraudulently obtained Bass Pro Shops/Cabela's credit card in victim M.H.'s name to purchase goods at Walmart. | $204.94 |
| 12 | On or about March 2, 2019 | **DANGER VASQUEZ** | **DANGER** and **VASQUEZ** used a fraudulently obtained Bass Pro Shops/Cabela's credit card in victim C.H.'s name to purchase foreign currency at Travelex Currency. | $4,977.63 |
| 13 | On or about March 24, 2019 | **BOWLING** | **BOWLING** used a fraudulently obtained Synchrony Bank line of credit in victim W.P.'s name to purchase a watch and a ring at Bachendorf's Jeweler's. | $14,667.88 |
| 14 | On or about April 7, 2019 | **PATEL BROWN VASQUEZ** | **PATEL, BROWN,** and **VASQUEZ** used a fraudulently obtained Bass Pro Shops/Cabela's credit card in victim J.C.'s name to rent a vehicle at Avis. | $398.34 |
| 15 | On or about April 10, 2019 | **PATEL BROWN VASQUEZ** | **PATEL, BROWN,** and **VASQUEZ** used a fraudulently obtained Bass Pro Shops/Cabela's credit card in victim J.C.'s name to purchase gift cards and other items at Walmart. | $1,099.84 |
| 16 | On or about July 14, 2019 | **PATEL BROWN KURIATNYK** | **PATEL, BROWN,** and **KURIATNYK** used a fraudulently obtained Costco credit card in victim G.D.'s name to purchase goods. | $4,449.49 |
| 17 | On or about July 17, 2019 | **PATEL BROWN KURIATNYK** | **PATEL, BROWN,** and **KURIATNYK** used a fraudulently obtained Costco credit card in victim G.D.'s name to purchase goods. | $3,930.15 |

All in violation of Title 18 U.S.C. § 1343.

<u>Count Eighteen</u>
Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1029(a)(2) and 2)

36.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

37.     On or about February 13, 2016, in the Northern District of Texas and

elsewhere, the defendants **PATEL** and **JOHNSON**, aided and abetted by each other and

by others known and unknown to the grand jury, did knowingly and with intent to

defraud use one or more access devices during any one-year period, namely a Sam's Club

credit card in the name of victim L.B., and by such conduct obtained anything of value

aggregating $1,000 or more during that one-year period, affecting interstate and foreign

commerce.

All in violation of Title 18 U.S.C. §§ 1029(a)(2) and 2.

Count Nineteen
Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1029(a)(2) and 2)

38.    The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

39.    On or about February 18, 2016, in the Northern District of Texas and

elsewhere, the defendants **PATEL** and **JOHNSON**, aided and abetted by each other and

by others known and unknown to the grand jury, did knowingly and with intent to

defraud use one or more access devices during any one-year period, namely a Sam's Club

credit card in the name of victim J.G., and by such conduct obtained anything of value

aggregating $1,000 or more during that one-year period, affecting interstate and foreign

commerce.

All in violation of Title 18 U.S.C. §§ 1029(a)(2) and 2.

<u>Count Twenty</u>
Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1029(a)(2) and 2)

40.    The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

41.    From on or about February 10, 2019, through on or about February 11,

2019, in the Northern District of Texas and elsewhere, the defendants **PATEL**,

**BROWN**, and **DANGER**, aided and abetted by each other and by others known and

unknown to the grand jury, did knowingly and with intent to defraud use one or more

access devices during any one-year period, namely a Bass Pro Shops/Cabela's credit card

in the name of victim C.M., and by such conduct obtained anything of value aggregating

$1,000 or more during that one-year period, affecting interstate and foreign commerce.

All in violation of Title 18 U.S.C. §§ 1029(a)(2) and 2.

<u>Count Twenty-One</u>
Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1029(a)(2) and 2)

42.    The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

43.    From on or about February 10, 2019, through on or about March 10, 2019,

in the Northern District of Texas and elsewhere, the defendant **BOWLING,** aided and

abetted by others known and unknown to the grand jury, did knowingly and with intent to

defraud use one or more access devices during any one-year period, namely a Synchrony

Bank credit card in the name of victim W.P., and by such conduct obtained anything of

value aggregating $1,000 or more during that one-year period, affecting interstate and

foreign commerce.

All in violation of Title 18 U.S.C. §§ 1029(a)(2) and 2.

Count Twenty-Two
## Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1029(a)(2) and 2)

44.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

45.     From on or about April 1, 2019, through on or about April 18, 2019, in the

Northern District of Texas and elsewhere, the defendants **PATEL, BROWN**, and

**VASQUEZ**, aiding and abetting each other, did knowingly and with intent to defraud use

one or more access devices during any one-year period, namely a Bass Pro

Shops/Cabela's credit card in the name of victim J.C., and by such conduct obtained

anything of value aggregating $1,000 or more during that one-year period, affecting

interstate and foreign commerce.

All in violation of Title 18 U.S.C. §§ 1029(a)(2) and 2.

Count Twenty-Three
Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1029(a)(2) and 2)

46.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

47.     From on or about July 14, 2019, through on or about July 17, 2019, in the

Northern District of Texas and elsewhere, the defendants **PATEL**, **BROWN**, and

**KURIATNYK**, aiding and abetting each other, did knowingly and with intent to defraud

use one or more access devices during any one-year period, namely a Costco credit card

in the name of victim G.D., and by such conduct obtained anything of value aggregating

$1,000 or more during that one-year period, affecting interstate and foreign commerce.

All in violation of Title 18 U.S.C. §§ 1029(a)(2) and 2.

<u>Count Twenty-Four</u>
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

48.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

49.     On or about February 13, 2016, in the Northern District of Texas and

elsewhere, the defendants **PATEL** and **JOHNSON**, aided and abetted by each other and

by others known and unknown to the grand jury, did knowingly transfer, possess and use,

without lawful authority, a means of identification of another person, to wit: the name,

date of birth, address, phone number, driver's license number, and social security number

of victim L.B., during and in relation to felony violations alleged in Title 18 U.S.C. §§

1349 (Conspiracy to Commit Bank Fraud alleged in Count One), 1344 (Bank Fraud

alleged in Count Two), 1343 (Wire Fraud alleged in Count Eight), and 1029 (Access

Device Fraud alleged in Count Eighteen), knowing that the means of identification

belonged to an actual person.

All in violation of Title 18 U.S.C. §§ 1028A(a) and 2.

<u>Count Twenty-Five</u>
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

50.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

51.     On or about February 18, 2016, in the Northern District of Texas and

elsewhere, the defendants **PATEL** and **JOHNSON**, aided and abetted by each other and

by others known and unknown to the grand jury, did knowingly transfer, possess and use,

without lawful authority, a means of identification of another person, to wit: the name,

date of birth, address, phone number, driver's license number, and social security number

of victim J.G., during and in relation to felony violations alleged in Title 18 U.S.C. §§

1343 (Wire Fraud alleged in Count Nine), and 1029 (Access Device Fraud alleged in

Count Nineteen), knowing that the means of identification belonged to an actual person.

All in violation of Title 18 U.S.C. §§ 1028A(a) and 2.

## Count Twenty-Six
### Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

52.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

53.     On or about March 2, 2019, in the Northern District of Texas and

elsewhere, the defendants **DANGER** and **VASQUEZ**, aided and abetted by each other

and by others known and unknown to the grand jury, did knowingly transfer, possess and

use, without lawful authority, a means of identification of another person, to wit: the

name, date of birth, address, phone number, driver's license number, and social security

number of victim C.H., during and in relation to violations of Title 18 U.S.C. § 1343

(Wire Fraud alleged in Count Twelve), knowing that the means of identification belonged

to an actual person.

All in violation of Title 18 U.S.C. §§ 1028A(a) and 2.

<u>Count Twenty-Seven</u>
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

54.     The grand jury re-alleges and incorporates by reference the allegations
contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth
at this point.

55.     On or about March 24, 2019, in the Northern District of Texas and
elsewhere, the defendant **BOWLING**, aided and abetted by others known and unknown
to the grand jury, did knowingly transfer, possess and use, without lawful authority, a
means of identification of another person, to wit: the name, date of birth, address, phone
number, driver's license number, and social security number of victim W.P., during and
in relation to violations of Title 18 U.S.C. §§ 1343 (Wire Fraud alleged in Count
Thirteen) and 1029 (Access Device Fraud alleged in Count Twenty-One), knowing that
the means of identification belonged to an actual person.

All in violation of Title 18 U.S.C. §§ 1028A(a) and 2.

<u>Count Twenty-Eight</u>
Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

56.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

57.     On or about April 7, 2019, in the Northern District of Texas and elsewhere,

the defendants **PATEL, BROWN**, and **VASQUEZ**, aided and abetted by each other and

by others known and unknown to the grand jury, did knowingly transfer, possess and use,

without lawful authority, a means of identification of another person, to wit: the name,

date of birth, address, phone number, driver's license number, and social security number

of victim J.C., during and in relation to violations of Title 18 U.S.C. §§ 1349 (Conspiracy

to Commit Bank Fraud alleged in Count One), 1344 (Bank Fraud alleged in Count Six),

1343 (Wire Fraud alleged in Counts Fourteen and Fifteen), and 1029 (Access Device

Fraud alleged in Count Twenty-Two), knowing that the means of identification belonged

to an actual person.

All in violation of Title 18 U.S.C. §§ 1028A(a) and 2.

## Count Twenty-Nine
### Aggravated Identity Theft and Aiding and Abetting
(Violations of 18 U.S.C. §§ 1028A(a) and 2)

58.     The grand jury re-alleges and incorporates by reference the allegations

contained in paragraphs 1 through 21 of Count One of this indictment as if fully set forth

at this point.

59.     On or about July 14, 2019, in the Northern District of Texas and elsewhere,

the defendants **PATEL, BROWN**, and **KURIATYNK**, aided and abetted by each other

and by others known and unknown to the grand jury, did knowingly transfer, possess and

use, without lawful authority, a means of identification of another person, to wit: the

name, date of birth, address, phone number, driver's license number, and social security

number of victim G.D., during and in relation to violations of Title 18 U.S.C. §§ 1349

(Conspiracy to Commit Bank Fraud alleged in Count One), 1344 (Bank Fraud alleged in

Count Seven), 1343 (Wire Fraud alleged in Counts Sixteen and Seventeen), and 1029

(Access Device Fraud alleged in Count Twenty-Three), knowing that the means of

identification belonged to an actual person.

All in violation of Title 18 U.S.C. §§ 1028A(a) and 2.

## Forfeiture Notice
### (18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c))

Upon conviction for any of the offenses alleged in Counts One through Thirty-Two of the indictment, the defendants **DANGER, BOWLING, VASQUEZ, BROWN, PATEL, KURIATNYK,** and **JOHNSON,** shall forfeit to the United States any property, real or personal, constituting or derived from proceeds traceable to the respective offenses, whether directly or indirectly, including the total proceeds derived from the offense (commonly referred to as a "money judgment").

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above described property subject to forfeiture.

## Substitute Assets

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above-described property subject to forfeiture, as a result of any act or omission of one or more of the previously-mentioned defendants, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third

person; has been placed beyond the jurisdiction of the Court; has been substantially

diminished in value; or has been commingled with other property which cannot be

subdivided without difficulty, it is the intent of the United States of America to seek

forfeiture of any other property of the previously-mentioned defendants up to the value

of the above-described property subject to forfeiture.

A TRUE BILL

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
DAMIEN M. DIGGS
Assistant United States Attorney
D.C. Bar No. 501-552
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.767.4100
Damien.Diggs@usdoj.gov

**Indictment - Page 30**

18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c)
Forfeiture Notice

29 Counts

---

A true bill rendered

---

DALLAS                                                                    FOREPERSON

Filed in open court this ⊃ day of December, 2019.

---

**Warrant to be Issued**
Rakesh Patel, Carl Johnson, Nolberto Vasquez, Christopher Bowling, Joel Kuriatnyk
**Summons to Issue**
Steven Craig Brown, Brandi Danger

---

UNITED STATES MAGISTRATE JUDGE
Magistrate Court Number:  3:19MJ889-BK, 3:19MJ814-BT,
3:19MJ873-BH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

| | |
|---|---|
| BRANDI DANGER | (1) |
| CHRISTOPHER BOWLING | (2) |
| NOLBERTO VASQUEZ | (4) |
| STEVEN BROWN | (5) |
| RAKESH "RICK" PATEL | (6) |
| JOEL KURIATNYK | (8) |
| CARL JOHNSON | (9) |

INDICTMENT

18 U.S.C. § 1349 (18 U.S.C. §§ 1344, 1343)
Conspiracy to Commit Bank Fraud and Wire Fraud
(Count 1)

18 U.S.C. § 1344(2)
Bank Fraud
(Counts 2-7)

18 U.S.C. § 1343
Wire Fraud
(Counts 8 -17)

18 U.S.C. §§ 1029(a)(2) and 2
Using or Trafficking in Unauthorized Access Devices and Aiding and Abetting
(Counts 18-23)

18 U.S.C. §§ 1028A(a) and 2
Aggravated Identity Theft and Aiding and Abetting
(Counts 24-29)